## : DIVORCE FROM AN INSANE DEFENDANT.

Circuit Court of Cuyahoga County.

GILBERT H. BENTON v. SARAH BENTON.

Decided, May 24, 1909.

*Divorce—Insanity of Defendant—Aggressions Committed Before Insanity—Marriage Void if Insane When Contracted.*

1. A decree of divorce may be entered against an insane defendant for aggressions prior to the insanity.
2. A divorce granted for fraud in the marriage contract in concealing defendant's congenital insanity from the plaintiff, is not void because the act was committed while insane, for if the defendant was insane when he committed the fraud, the marriage is void.

*Fred F. Truhlar,* for plaintiff in error.
*Kerruish & Kerruish* and —— *Freiberger,* contra.

MARVIN, J.; HENRY, J., concurs; WINCH, J., not sitting.

The parties here are as they were in the court below. The plaintiff brought suit for a divorce from the defendant in the court of common·pleas, alleging as ground therefor that at the time that the marriage between the plaintiff and the defendant was contracted, the said defendant was the wife of another man. The defendant answered, denying that she was the wife of another man, from whom she obtained a divorce in the common pleas court of this county at the April term, 1897. To that the plaintiff replied, admitting that a decree was entered (in said last named court at the time stated in the answer) by the terms of which, if valid, the defendant was divorced from her former husband, John C. Butt, but alleges that the court, at the time of entering such decree, was wholly without jurisdiction to make the same, wherefore the decree was absolutely void and left the defendant still the wife of said Butt. On the trial, the record in the divorce proceedings against Butt was introduced in evidence, from which it appears that the petition filed against Butt contains the following allegations as cause for divorce:

''The plaintiff says that at the time of said marriage but unknown to her, said defendant, though entirely sane upon some subjects, was nevertheless at that time a victim to congenital insanity, lapsing occasionally into that condition of mental disturbance known as congenital imbecility. And she says that said difficulty was of that character which escaped observation except to those having expert knowledge; and that the same was accompanied with cunning and a disposition to secrecy and concealment, sometimes characteristic of the ·mental condition aforesaid. And she says that said congenital condition, though well known to defendant and understood by him to exist, was by him carefully concealed from said plaintiff and that the marriage ceremony aforesaid was enacted between them as aforesaid in complete ignorance upon her part by reason of her youth and inexperience,'' etc.

And so, she says, that Butt procured the marriage contract between them by fraud.

At the time the suit was brought by the present defendant against Butt he was insane, and confined as such in a state hospital for the insane in this state. That fact being made to appear to the court a guardian *ad litem* was appointed for him, and answer filed denying the allegation in the petition in respect to the mental condition of Butt at the time of his marriage, and denying all fraud on his part in the contract of marriage entered into between the two parties.

Upon the hearing the court entered its decree finding that ''the allegations of said petition so far as respects the averments of fraudulent contract are true, and further finds that by reason of said facts the plaintiff is entitled to the relief by her prayed for. Wherefore, it is ordered, adjudged and decreed that the marriage contract heretofore existing between her and said defendant be, and the same is hereby set aside, annulled and held for naught, and she be and is hereby wholly divorced from said defendant, and restored to all her rights as an unmarried woman.''

It is the law in this state that a divorce may be decreed against the party who, at the time of entering the decree and of bringing the suit, is insane; service being had upon him as in other cases against insane persons, provided the aggressions for

which the decree is sought were committed prior to such insanity.

It is urged in this case that the aggressions, to-wit, the fraud perpetrated upon the present defendant by her former husband, upon which she obtained her divorce, is shown by the petition in that case to have been committed while he was insane. This contention is not borne out, as we think, by the petition. A fair construction of the language used, in that Butt was intermittently insane and that the fact that such intermittent insanity was concealed from the woman to whom he was married and that the concealment of such intermittent insanity was a fraud upon her, and the court finding that to be true, certainly had the jurisdiction to grant the divorce. We must assume that the court found that the mental derangement from which Butt was suffering at the time of his marriage was not such as to prevent him from being capable of contracting the marriage relation, but was of such a nature that it was a fraud upon her to whom he was about to be married, and that he concealed the fact that he was subject to this intermittent insanity; otherwise there was never any valid marriage between the defendant in this case and Butt; for if he was insane to the extent that he was incapable of perpetrating a fraud, then he was insane to the extent that he could not have contracted a marriage at all, so that after the decree in the former case, the defendant in this case was not the wife of Butt. Either she was released from such marriage by the decree, or she never was Butt's wife. We find that she was released by the decree, but if we are wrong in this, still, as has already been said, it must be that if she was not so released, she never was Butt's wife.

In the suit brought by the plaintiff here against the defendant, she not only answered setting up the facts as hereinbefore set out, but she set up by way of cross-petition acts of cruelty on the part of the plaintiff, which, if established by the evidence, entitle her to alimony for which she prayed, and which was decreed to her.

The purpose of the present proceedings is to reverse this judgment for alimony, for the reasons already stated, that is, that

the defendant was never the plaintiff's wife. Having found as we have, that she was the plaintiff's wife, the court was justified in allowing her alimony, and that judgment is affirmed.